UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWARD MICHAEL SHAIEB, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-756 |
| | ) | |
| v. | ) | Honorable Wendell A. Miles |
| | ) | |
| MARY BERGHUIS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## <u>OPINION</u>

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition.  Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

## Discussion

I.    Factual allegations

Petitioner presently is incarcerated in the West Shoreline Correctional Facility. Following a jury trial in two consolidated cases, Petitioner was convicted of one count of first-degree criminal sexual conduct (CSC I) involving a victim younger than thirteen years of age, in violation of MICH. COMP. LAWS § 750.520b(1)(a), and three counts of second-degree criminal sexual conduct (CSC II) involving a victim younger than thirteen years of age, in violation of MICH. COMP. LAWS § 750.520c(1)(a). On October 17, 1994, Macomb County Circuit Court sentenced him to concurrent prison terms of eight to twenty years for the CSC I conviction and five to fifteen years for each of the CSC II convictions. Petitioner appealed his conviction as of right to the Michigan Court of Appeals. The court of appeals issued an opinion affirming Petitioner's conviction on September 9, 2003. The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 10, 2004. On November 15, 2004, the United States Supreme Court denied his petition for writ of certiorari.

Petitioner raises the following eight grounds for habeas corpus relief: (1) the prosecutor violated Petitioner's Fifth Amendment rights by improperly commenting on Petitioner's pre- and post- arrest silence, including his decision not to testify at trial; (2) the prosecutor violated Petitioner's Fourteenth Amendment rights by improperly commenting on Petitioner's pre- and post-arrest silence, including his decision not to testify at trial; (3) Petitioner's conviction should be reversed because the great weight of the evidence shows that Marianna Slicker was thirteen years old at the time of the alleged crime; (4) Petitioner was denied the effective assistance of trial counsel because counsel failed to argue that Ms. Slicker was thirteen years old at the time of the alleged crime; (5) Petitioner was denied the effective assistance of trial and appellate counsel because they

failed to move for a new trial when the great weight of the evidence showed that Ms. Slicker was thirteen years old at the time of the alleged crime; (6) Petitioner was denied the effective assistance of appellate counsel because counsel failed to seek a remand to expand the trial record regarding the ineffective assistance of counsel arguments; (7) Petitioner was denied the effective assistance of trial and appellate counsel because they failed to sufficiently argue a Fourteenth Amendment violation when the prosecutor used Petitioner's silence, after his arrest and receiving *Miranda* warnings, as evidence in the trial; and (8) Petitioner was denied the effective assistance of trial and appellate counsel because they did not argue that Petitioner's Fifth Amendment right against self incrimination was violated when the prosecutor referred to Petitioner's silence during the trial in her closing argument.

II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue

*sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner properly exhausted his first, third and fifth grounds for habeas relief in both the Michigan Court of Appeals and Michigan Supreme Court. Petitioner, however, has not exhausted his available state court remedies with regard to his remaining claims. Petitioner raised his second and seventh claims for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and thus, his supplemental issues were not reviewed. Finally, Petitioner's fourth, sixth and eighth grounds for habeas relief have not yet been presented in the Michigan appellate courts. Accordingly, the above five grounds for habeas relief are unexhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has

-4-

at least one available procedure by which to raise the unexhausted issues he has presented in this application.  He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*.  Under Michigan law, one such motion may be filed after August 1, 1995.  M.C.R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy to exhaust the above five unexhausted claims.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations  period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year  limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on June 10, 2004.

Petitioner then filed a writ for certiorari review in the United States Supreme Court.  The United States Supreme Court denied review on November 15, 2004.  Accordingly, Petitioner had one year, until November 15, 2005, in which to file his habeas petition.  Petitioner filed the instant petition on November 7, 2005, eight days before the expiration of the statute of limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 721.  *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1]  In the instant case, the statute of limitations has expired. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations.  As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal would jeopardize the timeliness of any subsequent petition. *Palmer,* 276 F.3d at 781.

The Supreme Court recently held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly

---

[1]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 1535. Under *Rhines*, if the district court determines that a stay is inappropriate, the court must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.* This is the case here, since the limitations period has expired.

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must **show cause within thirty days** why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 125 S. Ct. at 1535. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An **Order** consistent with this Opinion will be entered.


Date:  December 8, 2005                    /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge