UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| EDWARD MICHAEL SHAIEB, ) | |
| ) | |
| Petitioner, ) | Case No. 1:05-cv-756 |
| ) | |
| v. ) | Honorable Wendell A. Miles |
| ) | |
| MARY BERGHUIS, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**MEMORANDUM OPINION**

Pursuant to 28 U.S.C. § 2254, Petitioner Edward Michael Shaieb filed a *pro se* petition for writ of habeas corpus.  On December 8, 2005, this Court issued an order for Petitioner to show cause why he is entitled to a stay of his habeas corpus proceedings.  Now before the Court is "Petitioner's Response to Magistrate Judge's Show Cause Order Re: Why Stay Should Be Granted" so that he may return to state court to exhaust his unexhausted claims.  For the reasons set forth below, the Court will grant Petitioner a stay pending exhaustion of his remedies in the state courts.

Petitioner is currently incarcerated in the West Shoreline Correctional Facility.  He was convicted of one count of first-degree criminal sexual conduct (CSC I) involving a victim younger than thirteen years of age, in violation of MICH. COMP. LAWS § 750.520b(1)(a), and three counts of second-degree criminal sexual conduct (CSC II) involving a victim younger than thirteen years of age, in violation of MICH. COMP. LAWS § 750.520c(1)(a) following a jury trial in the Macomb County Circuit Court.  The Michigan Court of Appeals affirmed Petitioner's conviction

in an unpublished opinion on September 9, 2003. The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 10, 2004. On November 15, 2004, the United States Supreme Court denied his petition for writ of certiorari. Petitioner subsequently filed a habeas petition raising eight grounds for habeas corpus relief.

In its opinion issued on December 8, 2005, this Court found that his habeas corpus petition contained both exhausted and unexhausted claims, and Petitioner could file a motion for relief from judgment under M.C.R. 6.500 *et seq.* to exhaust his unexhausted claims. Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. Since the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA), imposes a one-year of statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. *See* 28 U.S.C. § 2244(d)(1). Here, because only eight days remained in the statute of limitations period when Petitioner filed his habeas petition, dismissal without prejudice would not benefit Petitioner. A federal court, however, may stay a mixed petition to allow a petitioner to present his unexhausted claims in state court and then return to federal court for review of his petition, if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless," and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Accordingly, the Court issued an order for Petitioner to show cause why he is entitled to a stay of his habeas corpus proceedings.

In his response to the order to show cause, Petitioner argues that his unexhausted claims are directly or indirectly effected by claims of ineffective assistance of appellate counsel. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle,* 205 F.3d 269, 276 (6th Cir. 2000); *see also Taylor v. McKee,* No. 1:02-cv-470, 2005 WL 1654027 (W.D. Mich. July 12, 2005) (granting a stay when Petitioner alleged ineffective assistance of appellate counsel in his habeas petition). This Court finds that Petitioner has good cause for failing to present his unexhausted claims to the Michigan Court of Appeals. Further, those claims do not appear "plainly meritless." Finally, it does not appear that Petitioner engaged in intentionally dilatory litigation tactics. The Court, therefore, shall stay further proceedings in this matter pending Petitioner's presentation of his unexhausted claims in the state courts.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his unexhausted claims in state court within thirty days from the date of the attached Order. *See id.* Further, he must ask this Court to lift the stay within thirty days of exhaustion of his state court remedies. *See id.* "If either condition of the stay is not met, the stay may be later vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.*

An Order consistent with this Memorandum Opinion shall be entered.


Dated: <u>March 7, 2006</u>                                              /s/ Wendell A. Miles
                                                                                          Wendell A. Miles
                                                                                          Senior U.S. District Judge