UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD MICHAEL SHAIEB,

        Petitioner,

                              Case No. 1:05-CV-756

v.

                              HON. ROBERT HOLMES BELL

MARY BERGHUIS,

        Respondent.
                              /

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION AND
# DENYING PETITION FOR WRIT OF HABEAS CORPUS

On August 13, 2009, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that Petitioner Edward Michael Shaieb's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 51.) Petitioner, appearing through counsel, filed objections to the R&R on August 27, 2009. (Dkt. No. 52.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's decision to recommend denial of his habeas petition without first holding an evidentiary hearing. Petitioner asserts that the

attorneys who represented him at trial and on appeal are willing to testify regarding the state of Michigan procedural law at the time of their representation, and to testify as to how their collective mistakes prejudiced Petitioner.

Petitioner has not established a cognizable basis for an evidentiary hearing. *See* 28 U.S.C. §§ 2254(e), 2244(c). Petitioner seeks to offer testimony on issues of law rather than on material or controlling issues of fact. The Court can address these issues of law without an evidentiary hearing.

The Magistrate Judge determined that the prosecutor's reference to Petitioner's post-*Miranda* silence did not constitute a due process violation under *Doyle v. Ohio*, 426 U.S. 610 (1976), because the trial court followed the due process safeguards approved in *Greer v. Miller*, 483 U.S. 756, 763 (1987), and, in the alternative, even if a *Doyle* violation occurred, the error was harmless because there was no reasonable probability that it influenced the jury's decision. (R&R at 42-47.) Petitioner has raised several objections to the R&R's analysis of the prosecutor's use at trial of Petitioner's post-*Miranda* silence. First, Petitioner objects to the R&R's failure to consider the Michigan Supreme Court's recent decision in *People v. Shafier*, 768 N.W.2d 305 (Mich. 2009). In *Shafier*, the Michigan Supreme Court held that the prosecutor's repeated references to the defendant's post-arrest, post-*Miranda* silence, and his express request for the jury to infer guilt from that silence, violated the defendant's constitutional right to due process and constituted plain error. *Id.* at 313. Petitioner contends that he would have prevailed on his appeal in state court had his case

been reviewed after the Michigan Supreme Court's clarification of Michigan law in *Shafier*.

Petitioner's reliance on *Shafier* is misplaced. In deciding whether a state court decision is contrary to, or an unreasonable application of, clearly established federal law, this Court is limited to an examination of the holdings of the United States Supreme Court as they existed at the time of the relevant state court decision. 28 U.S.C. § 2254(d); *Mitzel v. Tate*, 267 F.3d 524, 530 -31 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). How the Michigan Supreme Court might decide Petitioner's case today is not a relevant consideration for purposes of habeas review.

Petitioner also objects to the post-*Miranda* silence analysis because he contends that his case is distinguishable from *Greer* based on the pervasive references to his silence, the lack of an immediate objection, the lack of an immediate curative instruction, and the generic nature of the single curative instruction. Contrary to Petitioner's argument, the references to Petitioner's post-*Miranda* silence were not pervasive. Here, as in *Greer*, defense counsel immediately objected to the reference to Petitioner's post-*Miranda* silence, the court sustained the objection, and no further statements were made regarding Petitioner's silence. Moreover, contrary to Petitioner's argument, the curative instruction was not generic. It was tailored to the specific statements made by the prosecutor, and went beyond what was necessary to cure the prosecutor's improper reference to Petitioner's post-*Miranda* silence. Upon de novo review of the record and the arguments, the Court concludes that the Magistrate Judge properly found that there was no due process violation related to

3

Petitioner's post-*Miranda* silence.

Petitioner objects to the R&R's analysis regarding the prosecutor's use of Petitioner's pre-arrest, pre-*Miranda* silence because it ignores the Sixth Circuit's opinion in *Girts v. Yanai*, 501 F.3d 743 (6th Cir. 2007), which held that "'the use of a defendant's prearrest silence as substantive evidence of guilt violates the Fifth Amendment's privilege against self-incrimination.'" *Id*. at 758 (quoting *Combs v. Coyle*, 205 F.3d 269, 283 (6th Cir. 2000)).

Petitioner's citation to Sixth Circuit case law is not responsive to the R&R's finding that "'[t]he constitutionality of using a defendant's pre-*Miranda* silence as substantive evidence of guilt [has] not been addressed by the Supreme Court.'" *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009) (quoting *Jones v. Trombley*, 307 F. App'x 931, 933 (6th Cir. 2009) (unpublished)). The Court agrees with the R&R that, in the absence of clearly established federal law as determined by the United States Supreme Court, the use of pre-arrest, pre-*Miranda* silence cannot be the basis for habeas relief. 28 U.S.C. § 2254(d)(1).

Petitioner objects to the R&R's conclusion that the state court's determination that the prosecutor did not comment on Petitioner's failure to testify at trial was not based on an unreasonable determination of the facts. Petitioner contends that the R&R's reference to state court findings was erroneous because the trial court made no ruling on the meaning of the prosecutor's "two and a half years pending" language, and the court of appeals merely addressed this language in dicta.

The record makes abundantly clear that despite the lack of a ruling, the trial court

understood the prosecutor's language to be directed at Petitioner's pre-arrest silence rather than at his failure to testify at trial. Moreover, contrary to Petitioner's argument, the court of appeals did not merely mention the "two and a half years pending" language in dicta. The court of appeals held that "the prosecutor referenced [Petitioner's] silence extending from the time Detective Deprez left his home until the time of trial." (MCOA Op. at 4, Dkt. #40.) The footnote that immediately follows this statement clarifies the basis for this finding: "Because the prosecutor referred to [Petitioner's] failure to 'come into the police station and [meet] with the detective,' it is evident that the prosecutor's reference to the 'two and a half years that the case has been pending' did not include [Petitioner's] decision to stand mute at trial." *Id*. The Court agrees with the R&R that the court of appeal's factual finding is entitled to deference.

Petitioner objects to R&R's analysis regarding the sufficiency of the evidence. Petitioner contends that because the victim alleged that the incident occurred during a remodeling project, and because the evidence showed that the remodeling project occurred when the victim was thirteen years old, the evidence was insufficient to support Petitioner's conviction for first-degree criminal sexual conduct. Petitioner oversimplifies the evidence relating to the victim's age. There was conflicting evidence as to when the remodeling took place and whether Petitioner was in the home during the remodeling. The R&R properly determined that questions of witness credibility were for the jury, and that there was sufficient evidence on the record from which a rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.

Finally, Petitioner objects to the R&R's determination that his ineffective assistance of counsel claims should be denied for lack of prejudice. Because the Court agrees with the R&R's disposition of the merits of his underlying constitutional claims, the Court also agrees with its determination that Petitioner was not prejudiced by counsel's failure to raise or preserve these claims.

For the reasons stated herein, Petitioner's objections are overruled. The Court will approve and adopt the R&R and deny the petition for habeas corpus.

A petitioner may not appeal a final order in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure extends the authority to issue a certificate of appealability to district judges. Fed. R. App. P. 22(b)(1). The Sixth Circuit encourages district courts to rule on the certificate of appealability at the time of ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected a habeas claim on the merits, § 2253(c) requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the Court believes that it has resolved the merits of Petitioner's constitutional claims correctly, reasonable jurists might differ

concerning this result. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 52) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 13, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 51) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**.


Date:   March 31, 2010                        /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE